IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD B. JONES,

 Petitioner,

v.

UNITED STATES OF AMERICA,

 Respondent.

CASE NO. 2:16-CV-00681
CRIM. NO. 2:95-CR-00020
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 14, 2016, Petitioner, a federal prisoner, filed a *Motion to Vacate under 28 U.S.C. § 2255.* (ECF No. 142.) Respondent has filed a *Motion to Dismiss Sec. 2255 Petition.* (ECF No. 144.) For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Respondent's *Motion to Dismiss Sec. 2255 Petition* (ECF No. 144) is **DENIED WITHOUT PREJUDICE**.

Petitioner's *Motion to Produce* (ECF No. 146) and *Motion Requesting Legal Assistance for Relief Under Johnson v. U.S.* (147) are **DENIED**, as moot.

On April 14, 1995, Petitioner was convicted after a jury trial on three counts of armed bank robbery and three counts of using or carrying a firearm in relation to a crime of violence. (ECF No. 29.) On February 6, 1996, the court imposed a term of fifty-five years imprisonment. (ECF No. 56.) On February 24, 1997, the United States Court of Appeals for the sixth Circuit affirmed the judgment of this Court. (ECF Nos. 59, 60.) On May 21, 1998, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 62.) On April 30, 1999, the Court denied the § 2255 motion. (ECF No. 71.) On February 9, 2000, the Sixth Circuit denied Petitioner's request for a certificate of appealability. (ECF No. 75.) The

United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. *Jones v. United States*, 121 S.Ct. 125 (2000). On February 10, 2005, Petitioner filed a second motion under 28 U.S.C. § 2255. (ECF No. 108.) On March 29, 2005, the Court transferred the motion to the Sixth Circuit as a second successive petition. (ECF No. 109.) On December 7, 2005, the Sixth Circuit denied Petitioner's request for authorization for filing a second or successive § 2255 motion. (ECF No. 117.) On June 18, 2007, Petitioner filed a *Motion for Second or Successive Application for Relief* under 28 U.S.C. § 2255. (ECF No. 126.) On March 3, 2010, the Court submitted the motion to the Sixth Circuit. (ECF No. 137.) On August 19, 2011, the Sixth Circuit denied Petitioner's motion for permission to file a second or successive motion to vacate sentence. (ECF No. 138.)

On July 14, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 142.) He asserts that his sentence violates *Johnson v. United States*, -- U.S. 135 S.Ct. 2551 (2015), and *Welch v. United States*, -- U.S. 136 S.Ct. 1257 (2016), as he no longer qualifies as a career offender. Plainly, however, this newest Petition constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No.142) presently before the Court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

In view of this Court's lack of jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals, Respondent's *Motion to Dismiss Sec. 2255 Petition* (ECF No. 144) is **DENIED WITHOUT PREJUDICE**. Respondent may refile its Motion if the Sixth Circuit authorizes the successive petition.

Petitioner's *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 142) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner's *Motion to Produce* (ECF No. 146) and *Motion Requesting Legal Assistance for Relief Under Johnson v. U.S.* (ECF No. 147) are **DENIED**, as moot.

**IT IS SO ORDERED.**

12/16/16

JAMES L. GRAHAM
United States District Judge

3