**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **Case No. 2:95-cr-20** |
| Plaintiff, | |
| | **Judge Graham** |
| **v.** | |
| **EDWARD JONES,** | |
| Defendant. | |

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Defendant Edward Jones's motion to stop enforcement of restitution obligation. Doc. 192. Defendant was convicted on April 14, 1995 on three counts of armed bank robbery and three counts of using or carrying a firearm in relation to a crime of violence. Doc. 29. In early February 1996, the Court imposed a term of fifty-five years imprisonment and a $55,584.00 restitution obligation. Doc. 57. Defendant remains incarcerated to this day.

Defendant argues that his restitution obligation is expired. He asserts that restitution in his case is controlled by the Victim and Witness Protection Act ("WVPA"), 18 U.S.C. §§ 3663-3664 (1982), and that the WVPA provides that a restitution obligation expires 20 years after the entry of judgment. He therefore concludes that his restitution obligation expired in February 2016.[1]

Defendant's argument has merit. The WVPA provided three ways for the collection of restitution – by the United States in the manner provided for in 18 U.S.C. § 3613, by the United States in the same manner as a judgment in a civil action, and by the victim in the same manner as a judgment in a civil action. 18 U.S.C. § 3663(h) (1990). Neither the United States nor the victims have attempted to collect restitution in the same manner as a judgment in a civil action. Instead, the United States has been collecting restitution pursuant to § 3613. The version of § 3613 effective during Defendant's sentencing creates a lien on all property belonging to the person against whom

---

[1] Defendant mistakenly assets in his brief that he was sentenced in January 1996 and so believes his restitution obligation expired in January 2016.

restitution is being collected. 18 U.S.C. § 3613(a) (1990). This statute also provides for the expiration of the lien. The lien expires twenty years after the date of judgment or upon the death of the individual. *Id.* at § 3613(b).

This, to be sure, is no longer the law. In 1996, the Mandatory Victims Restitution Act ("MVRA") amended the VWPA in several respects. However, the VWPA applies here because it was effective at the time the acts giving rise to Defendant's conviction occurred. *See U.S. v. Schulte*, 264 F.3d 656, 662 (6th Cir. 2001) ("where an act was committed prior to the effective date of the MVRA, the retroactive application of the MVRA to that act violates the Ex Post Facto Clause.").

The government opposes Defendant's request on multiple grounds. First, it takes issue with the lack of information provided by Defendant. It insists that:

> Without submitting any records from the BOP regarding his entry into [the Inmate Financial Responsibility Program] (which is voluntary), the collection schedule imposed, his outstanding financial obligations (whether they be fines, restitution, or special assessments), or nearly any other fact surrounding his claims, the Government cannot possibly respond to his habeas petition, nor can the Court properly consider is grant relief.

Doc. 193 at 2. This argument is meritless. As demonstrated above, Defendant presents a narrow legal question for which the record provides ample information to address.

Second, the government claims that the Court cannot review Defendant's claim because he failed to show he exhausted his administrative remedies. The Court disagrees. If construed as a 28 U.S.C. § 2241 habeas petition, Defendant must exhaust the Bureau of Prisons' ("BOP") multi-tiered administrative process prior to filing suit. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("Federal prisoners, it is true, must exhaust their administrative remedies before they may file a § 2241 petition.") (citations omitted). Defendant has done so. He submitted a BP-9 Form to his Warden, a BP-10 Form to the applicable Regional Director and a BP-11 Form to the General Counsel requesting that his restitution payments cease. Doc. 194 at 3, 5, 7. The BOP denied Defendant's request at each level for procedural reasons. Doc. 192-1 at 2; Doc. 194 at 4, 6. Despite the BOP's failure to address the merits of Defendant's request, Defendant gave the BOP an opportunity to correct its mistake and therefore satisfied the purpose of administrative exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Finally, the government asserts that under the WVPA, restitution could be collected for up to five years after the end of the term of imprisonment. Doc. 193 at 2 (citing *United States v. Joseph*, 914 F.2d 780, 786 (6th Cir. 1990)). The basis of the government's argument is 18 U.S.C. § 3663(f) (1990).[2] This subsection relates to when restitution is due. It provides that restitution is generally due immediately. *Id.* at § 3663(f)(3). A court could overcome this general rule by ordering restitution be made within a specific period or in specific installments. *Id.* at § 3663(f)(1). The latest a court could set the period for repayment is, as relevant here, five years after the end of the term of imprisonment. *Id.* at § 3663(f)(2). The government believes that this deadline overrides the twenty-year expiration incorporated into § 3663(h)(1)(A).

The government is mistaken. As an initial matter, the Court did not order that restitution was to be paid within a specific period, much less impose an end date five years after the term of imprisonment. Moreover, § 3663(f) only authorizes courts to establish a due date for restitution. It does not impact the duration or expiration of the restitution order. *United States v. Rostoff*, 164 F.3d 63, 66 (1st Cir. 1999) ("The fact that the last payment of restitution is due at the end of supervised release has nothing to do with the duration or expiration of the restitution order") (emphasis in original); *United States v. House*, 808 F.2d 508, 511 (7th Cir. 1986); *United States v. Keith*, 754 F.2d 1388, 1393 (9th Cir. 1985) (The district court apparently mistakenly assumed that subsection 3579(f)(2)(B) defines the period for payment of restitution ordered under the Act. It does not.").

In sum, Defendant's restitution obligation is governed by the WVPA. The government has been collecting restitution from Defendant under the WVPA through the lien created by § 3613(a). That lien expired in February 2016, twenty years after Defendant's judgment was entered in February 1996. Defendant's motion, Doc. 192, is therefore **GRANTED**. The government is **ORDERED** to cease its present collection actions.

---

[2] The government cites to 18 U.S.C. § 3579(f)(2). This statute was amended and renumbered to 18 U.S.C. § 3663 prior to Defendant's sentencing. *See* Public Law 98-473, 98 Stat. 1987, 2010, October 12, 1984. It is this version of § 3663 that the Court applies.

IT IS SO ORDERED.

s/ James L. Graham

JAMES L. GRAHAM

United States District Judge

DATE: November 1, 2023